UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LANDMARK FINANCIAL SOLUTIONS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:14-CV-01883-JAR ) |
| WILLIE L. ELAM, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court for the purposes of case management. On February 24, 2015, the Honorable Noelle C. Collins ordered the Plaintiff to show cause within seven days of the date of that order why this action should not be dismissed because the case in controversy does not exceed $75,000, the amount required for this Court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). In response, Plaintiff filed a Response to Order to Show Cause and Motion to Alter/Amend Order Dismissing the United States and Denying Consent Motion (Doc. 51). Shortly thereafter, this case was randomly reassigned to the undersigned pursuant to Rule 2.08(A) of the Local Rules of this Court. For the following reasons, Plaintiff's Motion will be **DENIED** and this case will be **DISMISSED without prejudice.**

### I. Background

On February 28, 1997, Willie L. Elam and Alesia Elam (the "Elams") purchased, as tenants by the entirety, the subject property at 4032 Oregon Avenue, St. Louis, Missouri 63118 (the "Property"). The Elams financed the purchase by executing a promissory note for the principal sum of $40,000 for which the Property was secured as collateral. Plaintiff is now the

1

holder of the Note and the Deed of Trust. On August 29, 2013, the Elams filed for Chapter 13 Bankruptcy. *In re Willie L. Elam and Alesia Elam*, Case No. 13-48000 (Bankr. E.D. Mo.). Pursuant to the Bankruptcy plan, the Elams intended to pay the mortgage directly, outside the plan. However, the Elams did not make any payments after the filing of their bankruptcy petition and Plaintiff filed a Motion for Relief from the Automatic Stay in the Bankruptcy Case. *Id.* at Doc. 70. The Bankruptcy Court granted Plaintiff's Motion. *Id.* at Doc. 77.

Accordingly, Plaintiff filed the current foreclosure action in federal court on November 6, 2014. Plaintiff alleges that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because "the United States claims federal tax liens in the real property at issue" (Doc. 12 at 3). Plaintiff also alleges the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Defendant Gregory Hampel claims a judgment/lien on the property of over $75,000. More specifically, Plaintiff indicates that Marcella Hampel obtained a judgment for $83,454.26 against Alesia Elam. Ms. Hampel subsequently died and her interest has passed to her sole heir, Gregory Hampel (the "Hampel Judgment") (*Id.* at 4). Plaintiff also identifies a number of additional interests in the Property including other judgments against the Elams, either jointly or individually, totaling $14,000, and United States tax liens totaling nearly $30,000 (*Id.* at 4-6).

On January 5, 2015, Defendant United States of America filed a Disclaimer of Interest on behalf of its agency the Internal Revenue Service (Doc. 11). In its disclaimer, the United States disclaimed its interest in the Property and requested an order dismissing it as a Defendant in this matter. As Plaintiff failed to file a timely objection to the Disclaimer of Interest pursuant to Local Rule 7-4.01(B), Judge Collins directed the Plaintiff to show cause why the United States should not be dismissed from the action (Doc. 40). Thereafter Plaintiff filed a Consent Motion to Approve Consent Judgment (Doc. 41) in which Plaintiff requested that the Court approve a

consent decree between the United States and Plaintiff. According to the Plaintiff's Motion, the United States consented to being named in the case, withdrew its disclaimer, and consented to having the case heard by the Magistrate Judge. In return, Plaintiff agreed not to seek any damages or costs as to the United States but to seek only in-rem relief as to the Property, that the United States would be excused from further case proceedings until a final order, and that, if Plaintiff's Deed of Trust was judicially foreclosed, then the United State would have first priority in any excess proceeds from the sale of the Property. Plaintiff also indicated that Defendant MSD and the Elams did not object to the relief sought in its motion. Judge Collins found that "Plaintiff has not established a basis for why the United States of America should not be dismissed from this lawsuit" and dismissed the United States as a Defendant in this matter (Doc. 48).

Subsequently, Judge Collins directed Plaintiff to show cause why this action should not be dismissed because the case in controversy does not exceed $75,000. In response, Plaintiff filed a Response to Order to Show Cause and Motion to Alter/Amend Order Dismissing the United States and Denying Consent Motion (Doc. 51). Subsequently, this case was reassigned to the undersigned.

## II. Analysis

### A. Motion to Reconsider

The Court must first address Plaintiff's Motion to Alter/Amend the Order Dismissing the United States and Denying Consent Motion (Doc. 51). In the Eighth Circuit, such a motion is treated as a Rule 60(b) motion when directed at a non-final order. *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Rule 60(b) motions may only be used to reconsider an order on certain enumerated grounds such as "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4)

3

the judgment is void; (5) the judgment has been satisfied, released or discharged ...; or (6) any other reason that justifies relief." A Rule 60(b) motion is not a vehicle for rearguing the merits of a claim. *Harris v. Potter*, No. 4:08-CV-1191 CAS, 2009 WL 1045475, at *2 (E.D. Mo. Apr. 20, 2009). Instead, a party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." *Prosser v. Nagaldinne*, No. 4:09CV2117 JAR, 2013 WL 308770, at * 1 (E.D. Mo. Jan. 25, 2013) (quoting *DeWit v. Firstar Corp.*, 904 F. Supp. 1476, 1496 (N.D. Iowa 1995)).

Plaintiff asserts that the order dismissing the United States should be reconsidered and the Consent Decree entered because the Consent Decree's terms are lawful, fair, adequate, reasonable and consistent with the public interest. However, Plaintiff provides no new evidence or additional support for its position that was not raised previously and considered by the Court. *Action Mailing Corp. v. Hewlett–Packard Co.*, No. 08–0671–CV–W–GAF, 2009 WL 4825189, at *1 (W.D. Mo. Dec. 15, 2009)(citing *Broadway*, 193 F.3d at 990 ("[A motion for reconsideration] is not a vehicle for simple reargument on the merits.")). Furthermore, considering the United States' express disclaimer, the Consent Decree's primary goal appears to be to keep the United States as a party to this action. However, if the sole purpose for the United States continued involvement is to support federal question jurisdiction, such action is akin to fraudulent misjoinder and clearly improper. Therefore, the Court will deny Plaintiff's Motion.

## B. Amount in Controversy

As the United States is no longer a party to this action, the Court must next determine whether it has jurisdiction pursuant to 28 U.S.C. § 1332. Federal courts have original jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The diversity of the parties is not at issue in this case. "When the

amount in controversy is questioned, [as it is here,] the party asserting federal jurisdiction bears the burden of showing that the sum or value exceeds $75,000, exclusive of interest and costs." *Armed Forces Bank, N.A. v. Gianulias*, No. 11-00974-CV-W-DGK, 2012 WL 1077894, at *2 (W.D. Mo. Mar. 30, 2012) (citing 28 U.S.C. § 1332(a); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993)). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). *See also Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1019 (8th Cir. 2010) (applying the principle in an action to quiet title); *Garland v. Mortgage Elec. Registration Sys., Inc.*, No. CIV 09-342(JNE/JJG), 2009 WL 1684424, at *2 (D. Minn. June 16, 2009) (applying the principle in a foreclosure action).

Although Plaintiff urges the Court to consider the $83,454.26 Hampel Judgment and the other interests in the Property as sufficient to establish the amount in controversy, in this foreclosure action, the amount in controversy is measured from the perspective of the plaintiff, not of other interested parties, and by the value of the object of the litigation, here, the Property. To determine the value of the Property to the Plaintiff, the Court "must determine what the property interest at issue is worth in the marketplace, which is a matter of objective fact." *Crowder v. Avelo Mortgage, LLC*, No. 4:14CV1351 RLW, 2014 WL 4915149, at *2 (E.D. Mo. Sept. 30, 2014) (quoting *Usery*, 606 F.3d at 1019). However, Plaintiff does not provide the Court with the value of the Property and therefore fails to meet its burden to establish this Court's jurisdiction. Furthermore, in the Bankruptcy Case, Plaintiff pleaded in its Motion for Relief from the Automatic Stay that the assessed value of the Property is $27,100[1], a value well below the

---

[1] Specifically, Plaintiff asserted the following: "Per the City of St. Louis, Missouri assessor, the value of the

5

amount in controversy requirement.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter/Amend Order Dismissing the United States and Denying Consent Motion (Doc. 51) is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** for want of jurisdiction.

A separate order of dismissal will accompany this memorandum and order.

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED without prejudice as moot.**

Dated this 21st day of May, 2015.

                                                  JOHN A. ROSS
                                                  UNITED STATES DISTRICT JUDGE

---

Property is $27,100.00." Motion for Relief from the Automatic Stay at 3, *In re Willie L. Elam and Alesia Elam*, Case No. 13-48000 (Bankr. E.D. Mo.). A search of the St. Louis City Assessor's Address and Property Search confirms that the property's 2014 assessed value is $27,100.00. Address & Property Search, The City of St. Louis, Missouri, https://www.stlouis-mo.gov/data/address-search/index.cfm (last visited May 4, 2015).